UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| Sherron Lewis, Jr., ) | Bankruptcy No. 10 B 16195 |
|     Debtor, ) | |
| ) | |
| Sherron Lewis Jr., ) | |
| ) | Adversary No. 10 A 01218 |
|     Plaintiff, ) | |
| v. ) | |
| ) | |
| JPMorgan Chase Bank, N.A., ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S MOTION
TO DISMISS THE ADVERSARY COMPLAINT**

Sherron Lewis, the debtor in a Chapter 13 bankruptcy case ("Lewis"), filed this Adversary Complaint on June 2, 2010, to "avoid" the mortgage of JP Morgan Chase Bank, N.A., ("Chase") under 11 U.S.C. § 544 based on an asserted inaccurate legal description in the deed of trust ("DOT") evidencing Chase's mortgage. Lewis also seeks a declaratory judgment invalidating the mortgage on the same basis. Chase moved to dismiss the Adversary Complaint on July 2, 2010, for failure to state a claim, arguing that the legal description does not invalidate Chase's mortgage, and also for Lewis's lack of standing to avoid under § 544.

### JURISDICTION AND VENUE

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334. The case has been referred to this Court under Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K) because it attacks the validity of a lien on Lewis's property. Lewis has

1

standing to bring this action under that provision, rather than under 11 U.S.C. § 544. Venue is proper under 28 U.S.C. § 1409(a).

## BACKGROUND

Lewis's principal residence was at one time located at 2551 York Street in Denver, Colorado (the "Property"). On April 25, 2002, Lewis executed a DOT on the Property in favor of Chase to secure his $100,000 promissory note. The DOT was duly recorded on May 20, 2002, as required under Colorado law. Lewis does not argue that he did not sign the documents or that they were not properly recorded.

The DOT identifies the Property as "the property located in DENVER County, Colorado, and more fully described in EXHIBIT A, which is attached hereto and made a part hereof, which property is more commonly known as: 2551 YORK ST. DENVER, CO 80205-5706." (See DOT attached to Motion to Dismiss.) "Exhibit A" attached to the DOT described the Property as:

> THE EAST 66 FEET OF LOTS 26 THROUGH 30 INCLUSIVE, BLOCK 7, MCCULLOGH'S ADDITION TO THE CITY AND COUNTY OF DENVER, STATE OF COLORADO. TAX ID #GA-50.

*Id.* Lewis complains that the legal description contained in "Exhibit A" encompasses both his Property and a second property owned by someone else. Lewis contends that the correct legal description for his Property is:

> THE EAST 66 FEET OF THE NORTH 15 FEET OF LOT 27 AND THE EAST 66 FEET OF LOTS 28-30 INCLUSIVE, BLOCK 7, MCCULLOGH'S ADDITION, MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 30; THENCE SOUTHERLY ALONG THE EASTERLY LINE OF SAID LOTS, A DISTANCE OF 90.00 FEET; THENCE WESTERLY ON A DEFLECTION ANGLE TO THE RIGHT OF 90 00 03, A DISTANCE OF 66.00 FEET; THENCE NORTHERLY ON A DEFLECTION ANGLE TO THE RIGHT OF 89 69 57, A DISTANCE OF 90.00 FEET TO THE NORTHERLY LINE OF SAID LOT 30, THENCE EASTERLY ON A DEFLECTION ANGLE TO THE RIGHT OF 90 00 03 A DISTANCE OF

2

66.00 FEET TO THE POINT OF BEGINNING, CITY AND COUNTY OF DENVER, STATE OF COLORADO, CONTAINING 5,940 SQUARE FEET.

## DISCUSSION

*A. Standard for Motion to Dismiss*

Upon motion, an Adversary Complaint may be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. of Bankr. P. 7012(b)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint must contain enough factual allegations to make out a "'showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In this case, the wording of the deed pleaded by Lewis is enough to show that his case has no merit.

*B. Validity of Chase's Mortgage*

The terms of the mortgage are not in dispute. Lewis complains that Chase's mortgage is void as to his Property because the street address does not immediately precede or follow the legal description as required by Colorado law, and also because the legal description is inaccurate.

While Lewis relies on 11 U.S.C. § 544 and seeks to "avoid" the mortgage, this is treated as a case to determine the validity of the mortgage on the Property, a core proceeding under 28 U.S.C. § 157(b)(2)(K).

3

Under Colorado law, "[a]ll documents of title relating to real property, including instruments creating a lien on real property . . . shall include as an aid to identification, immediately preceding or following the legal description of the property, the street address or comparable identifying numbers." Colo. Rev. Stat. § 38-35-122(1)(a) (2010). Moreover, "[t]he fact that a document of title does not contain an address, identifying number, or assessor's schedule number or parcel number shall not render the document ineffective nor render title unmarketable if the legal description appears therein." Id. § 38-35-122(3). The legal description on Lewis's DOT is included in "Exhibit A," which is referenced in the same sentence that provides the street address. Although the address does not technically precede or follow the legal description, it is easily located on the face of the instrument. Anyone looking at the DOT would see that "Exhibit A" was referenced and attached to the DOT and would put that person on notice.

Lewis further argues that the legal description is inaccurate because it purports to include property owned by an individual not a party to the transaction. According to Lewis, the DOT is therefore completely ineffective and invalidates Chase's mortgage on the Property. In its motion, Chase does not dispute that the legal description is overbroad, but argues that to the extent the legal description includes property not owned by Lewis it is ineffective as to that property, but still effective as to Lewis's property.

Under Colorado law, an incorrect legal description does not necessarily invalidate a lien, as long as the document contains some information, such as a street address or parcel identification number, which would place a prospective purchaser on inquiry notice. In re Taylor, 422 B.R. 270, 274 (Bankr. D. Colo. 2009).

> It is a well-settled general rule, in determining whether a purchaser had notice of outstanding equities or unrecorded interests so as to preclude him from being entitled to protection as a bona fide purchaser, that if he has knowledge of circumstances which, in the exercise of common reason and prudence, ought to put a man upon particular inquiry, he will be presumed to have made that inquiry, and will be charged with notice of every fact which would in all probability have been revealed had such investigation been undertaken.

*Id.* at 274 (quoting *Jaramillo v. McLoy*, 263 F. Supp. 870, 876 (D. Colo. 1967)).

In *Taylor*, the deed in issue provided the correct street address and parcel identification number, but the legal description identified the property as located on "Block 4" instead of correctly describing it as part of "Block 34." *Id.* at 272. The court in *Taylor* found that the deed provided sufficient information to put an examining attorney or prospective purchaser on inquiry notice. *Id.* at 274–75; *Guar. Bank & Trust Co. v. LaSalle Nat'l Bank Ass'n*, 111 P.3d 521, 525 (Colo. App. Ct. 2004) (holding that a junior mortgagee's interest was extinguished by a senior mortgagee's foreclosure because, although the block number was missing from the deed in that case, the subdivision's lot numbers were consecutive and did not repeat and therefore could not have been mistaken for another lot).

As in *Taylor*, the issue here is not which property the parties intended to encumber, but whether a prospective purchaser would be required to conduct further inquiry. On its face, the DOT contained the correct street address and tax identification number of the Property. The fact that the legal description purported to encumber Lewis's property as well as a portion of another's property does not render Chase's mortgage ineffective as to Lewis's property. At most, a prospective purchaser would think that the mortgage covered more property than it actually covered. There was sufficient information on the face of the DOT to put a prospective purchaser on inquiry notice of Chase's mortgage.

Apart from the foregoing, the legal description in the DOT is sufficient to have created a lien on the Property regardless of its overbreadth. The determinative factor in deciding whether a legal description creates a valid lien on real property is whether it is sufficient to identify the encumbered property. *Griffin v. United Bank of Denver*, 599 P.2d 866, 868 (Colo. 1979); *Cary Hardware Co. v. McCarty*, 50 P. 744, 749 (Colo. App. 1897) (finding that a lien should not fail solely because too large a tract of land was described and no innocent party had been misled or prejudiced).

As explained above, the description in the DOT was sufficient to identify the Property. Although overbroad, the metes and bounds included the Property and the parties obviously understood what property was to be encumbered when they included the correct street address in the DOT. Furthermore, there is no allegation that any innocent party was misled or prejudiced by the description of the Property. Lewis certainly knew that he was signing a mortgage on his Property when he obtained a loan.

## CONCLUSION

The Complaint is therefore without any possible merit. For the foregoing reasons, Lewis's Adversary Complaint will be dismissed with prejudice.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of September, 2010.

6

10 B 16195 (In re: Sherron L. Lewis)
10 A 01218 (Lewis v. JP Morgan Chase Bank, et al.)

## CERTIFICATE OF SERVICE

I, Dorothy Clay certify that on September 22, 2010, I caused to be served copies of the foregoing Memorandum Opinion to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Secretary/Deputy Clerk

### Electronic Service through CM/ECF System

Faith Dolgin
Illinois Attorney General
100 W Randolph St 13th Floor
Chicago, IL 60601
Counsel for Office of the Colorado Attorney
  General

Maria Georgopoulos
Gloria C Tsotsos
Codilis and Associates
15W030 N Frontage Rd
Burr Ridge, IL 60527
Counsel for Chase Home Finance LLC

Dana N O'Brien
Pierce & Associates P.C.
1 N Dearborn Street, Suite 1300
Chicago, IL 60602
Counsel for BAC home Loans Servicing L.P.

William T Neary
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

James Holden
Erik R Neusch
1525 Sherman Street 7th Floor
Denver, CO 80203
Counsel for The State of Colorado ex rel
  John W. Suthers Attorney General

Michael J Kalkowski
Josephine J Miceli
Todd J Ruchman
Fisher and Shapiro LLC
2121 Waukegan Road, Suite #301
Bannockburn, IL 60015
Counsel for JPMorgan Chase Bank

Tom Vaughn
200 South Michigan Ste 1300
Chicago, IL 60604
Chapter 13 Trustee

### First Class Mail

Sherron L Lewis, Jr.
1010 N. Western Ave
Park Ridge, IL 60068
Plaintiff/Debtor Pro Se

Mr. Sherron L Lewis, Jr.
14313 Stewart Avenue
Riverdale, IL 60827-2657
Debtor Pro Se